Charles J. Gaughan, J.
The hearing on this motion to suppress evidence obtained as a result of the search of premises located at 28 Marjorie Drive, Town of Tonawanda, disclosed the following:
On or about August 22, 1963, the police were given information, from an unnamed source, that the defendant was growing marihuana on the premises located at 28 Marjorie Drive. On August 23, 1963, Lieutenant Hoffman of the Town of Tonawanda Police and Detectives Quale and Clohessy of the Buffalo Police Department Narcotics Squad went to the vicinity to investigate this report. From an adjoining yard they observed green plants, approximately 7 feet tall growing in the yard of 28 Marjorie, directlybehind the defendant’s home. Both Detective Quale and Detective Clohessy identified the plants as marihuana. Thereafter, Detective Clohessy went upon the defendant’s premises and plucked three leaves from the plants. One of the leaves was given to Lieutenant Hoffman. Another was submitted to the Buffalo Police Department chemist for scientific analysis. Allegedly, this analysis also identified the plant to be marihuana. Subsequently, Officer Moynihan of the Town of Tonawanda Police was assigned to observe the defendant’s premises. His surveillance continued for several hours each day from August 27, 1963 through September 1, 1963. During *888 this period he was positioned in the bedroom of an adjoining Marjorie Drive home from which he had a clear view of the plants with and without binoculars. He observed.'the defendant taste, touch and smell the plants. He also observed the defendant pluck and remove a stem approximately 7 to 10 inches in length from one of the plants and carry the same into his home. During these observations the leaves of the plants were beginning to turn yellow. Between September 1 and September 19, 1963, Officer Moynihan observed the plants on several occasions from Englewood Avenue, while driving near the rear of the defendant’s premises. On September 21,1963, a search warrant was obtained, authorizing the search of these and other premises. The warrant was executed the same day, and the plants together with other evidence were seized at 28 Marjorie Drive.
The defendant seeks to suppress the three leaves taken on August 23, 1963 together with the property seized under the search warrant. He contends that the original entry and seizure of the leaves from the premises was unlawful and tainted all the evidence then or thereafter obtained by the police.
The Constitutions of the United States and of the State of New York both prohibit unreasonable searches and seizures. It is difficult to envision that the framers of these words intended to debar, as here, the confiscation of contraband in open view. The court finds the taking of the three leaves to be a reasonable seizure.
If, however, the court did accept the defendant’s theory that the taking of the three leaves was an unlawful violation of the defendant’s rights to the extent that they should be suppressed, it would still be constrained to uphold the search under the warrant.. The original observations and determination that the plants were marihuana invaded no right of privacy of person or premises which would entitle the defendant to object to their use at his trial or for the issuance of a search warrant. If the taking of the leaves was an official impropriety, as claimed by the defendant, it is not of such magnitude as"to render the proper and competent evidence obtained both before and after its occurrence, sacred and inaccessible to the People.
The defendant’s motion is denied in all respects.